## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| DANIEL JEROME TROTTER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:23-cv-01714-MTS |
| EASTERN RECEPTION & DIAGNOSTIC CORRECTIONAL CENTER, | ) ) ) ) ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court review of Plaintiff Daniel Trotter's Complaint, Doc. [1], under 28 U.S.C. § 1915(e)(2). For the reasons discussed below, the Court will dismiss this action without prejudice.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a

-1-

way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914–15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff is an inmate at the Boonville Correctional Center ("BCC") in Boonville, Missouri. He brings this suit under 42 U.S.C. § 1983 against the Eastern Reception, Diagnostic and Correctional Center ("ERDCC") in Bonne Terre, Missouri.

Plaintiff states that on April 5, 2023, he visited the medical unit at ERDCC to obtain treatment for his leg pain. Medical staff prescribed a topical ointment. According to Plaintiff, the ointment caused blisters and burning almost immediately. Plaintiff alleges

-2-

that he was transferred to BCC after he notified medical staff of the side effects. Medical personnel at BCC have been treating Plaintiff's leg with different ointments.

Plaintiff reports that the ointment has caused scarring, discoloration, and occasional bleeding. For relief, Plaintiff requests "to be seen by professional medical staff and treated to heal [his] leg pain."

## Discussion

Plaintiff asserts that ERDCC was negligent in the treatment of his leg pain. Having carefully reviewed the Complaint under § 1915(e)(2), the Court finds that Plaintiff's claim is legally frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact.").

**1. ERDCC is not a "person" under § 1983.**

"Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Howlett v. Rose*, 496 U.S. 356, 365 (1990) ("*Will* establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court.").

Here, Plaintiff sues only ERDCC. A claim against a state institution like ERDCC is treated as a claim against the state itself. Neither ERDCC nor the State of Missouri are persons under § 1983. Thus, the Court must dismiss Plaintiff's claim.

### 2. ERDCC is entitled to sovereign immunity.

Absent a waiver, the Eleventh Amendment protects the state and its arms or instrumentalities from suit in federal court. *Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018). This immunity bars any kind of relief, not merely monetary damages. *See Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (stating that district court erred in allowing plaintiff to proceed against state university for injunctive relief, and remanding matter to district court for dismissal). Thus, ERDCC—as an arm of the State of Missouri—is entitled to immunity from suit under the Eleventh Amendment.

While there are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment, neither exception applies in this case. *See Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). The first exception arises where Congress has statutorily abrogated sovereign immunity by clear and unmistakable evidence. *Id.* The second arises when a state waives its immunity to suit in federal court. *Id.* at 65.

As to the first exception, the Supreme Court has determined that § 1983 does not waive a state's immunity under the Eleventh Amendment. *See Will*, 491 U.S. at 66 ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent."). And as to the second exception, there is no indication that the State of Missouri has waived its sovereign immunity in this type of case. *See* Mo. Rev. Stat. § 537.600. Thus, ERDCC is entitled to sovereign immunity.

**Conclusion**

For the foregoing reasons, the Court will dismiss Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 13th day of December 2024.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE